UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------- x
                                                  :
                                                  :
MARK CERINI,                                      : Civil Action No. 2:20-cv-867
on behalf of himself and                          :
similarly situated employees,                     :
                                                  : INDIVIDUAL AND
            Plaintiff,                            : COLLECTIVE/CLASS
                                                  : ACTION COMPLAINT
            v.                                    :
                                                  :
MONROE, INC.,                                     : Jury Trial Demanded
                                                  :
            Defendant.                            : Electronically Filed
                                                  :
------------------------------------------------- X
```

### INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a), 215(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, common law breach of contract, and the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.3, to recover damages for non-payment of wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4. **Plaintiff Mark Cerini** resides in Bridgeville, PA 15017. Plaintiff worked for Defendant Monroe, Inc., as a Store Manager from on or about August 21, 2017, until June 30, 2018, and again from November 2, 2018, until on or about January 3, 2020.

5. Plaintiff regularly performed work within the state of Pennsylvania.

6. **Defendant Monroe, Inc.,** is an independently owned and operated auto service and tire provider in the United States with more than 1,283 stores, 98 franchised locations, 8 wholesale locations and 3 retread facilities in 32 states, and employs over 5,000 full-time employees. Defendant maintains its headquarters in Rochester, NY, and a store at 3057 Washington Pike, Bridgeville, PA 15017 where Plaintiff worked.

7. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

8. Defendant has regularly employed individuals in the state of Pennsylvania, including Plaintiff, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the PMWA and the WPCL.

## Statement of Claims (Individual and Collective/Class)

9. Defendant hired Plaintiff on or about August 21, 2017 as a Store Manager. He worked as a Store Manager at the Bridgeville, PA, store until on or about June 30, 2018, when he resigned to take a job with another employer. Plaintiff returned to work for Defendant again on or about November 2, 2018 as a Store Manager at the Bridgeville, PA, store until on or about January 3, 2020.

10.  Plaintiff held the title of Store Manager.

11.  Plaintiff was a W-2 employee.

12.  Plaintiff was an employee within the meaning of the FLSA and PMWA.

13.  Plaintiff was paid what Defendant characterized as a "salary."

14.  As discussed below, Plaintiff was not paid a salary within the meaning of the FLSA or PMWA.

15.  Plaintiff's last day of work for Defendant was January 2, 2020.

16.  Plaintiff reported to work at the Bridgeville, PA, store.

17.  He was normally required to report to work by 7:00 a.m. and continue to work until the store closed, normally 7:00 p.m., five (5) days per week.

18.  This meant that on average he worked in excess of 60 hours each workweek while employed by Defendant.

19.  Plaintiff's primary duty was to manage the store.

20.  Plaintiff reported to a District Manager who had responsibility for multiple stores.

21.  The District Manager reported to a Area Manager and so on up to the top management of the company.

22.  There are at least 75 other Store Managers who have been employed by Defendant since June 2017 (three years prior to the filing of this Complaint) in the Commonwealth of PA.

23.  There are at least 2,000 Store Managers who have been employed by Defendant since June 2017 (three years prior to the filing of this Complaint) in the 1,000 + stores throughout the United States.

24.  The Store Managers elsewhere in PA, and elsewhere in the United States, perform the

same primary duty as Plaintiff: manage the respective stores.

25. The Store Managers elsewhere in PA and the United States report up to a common chain of command as Plaintiff: District Manager, Regional Manager and up to the top management in the company.

26. Plaintiff was required to comply with common company policies and practices established and enforced throughout the stores nationwide by a common chain-of-command.

27. The Store Managers elsewhere in PA and United States were required to comply with the same common company policies and practices established and enforced throughout the stores nationwide by a common chain-of-command as Plaintiff.

28. One of these common policies and practices was the requirement that cash or inventory shortfalls at a store be covered by the respective Store Manager from his/her own monies.

29. Plaintiff, for example, was told by management that if there were inventory shortages in his store he would have to pay for those shortages out of his own pocket.

30. This was the same policy and practice applied nationwide to the Store Managers.

31. This policy and practice (requiring reimbursement by the Store Manager of inventory shortages) was not merely theoretical: upon information and belief this policy and practice has been applied in fact to Store Managers throughout the United States both before and during the statutory period (since June 2017).

32. The salary paid to Plaintiff and the other Store Managers cannot be subject to reduction. 29 C.F.R. § 541.118(a).

33. Plaintiff was also told on his last day of work that because he had not paid for a cash shortage of approximately $600 at his store that he was being "suspended indefinitely."

34. Defendant took Plaintiff's store keys and stopped paying Plaintiff as of the day he was

"suspended indefinitely."

35. Defendant terminated Plaintiff regardless of the term Defendant used to describe the action it was taking.

36. Defendant did not pay Plaintiff what he was owed in his last paycheck.

37. Upon information and belief Defendant withheld all or part of the $600 cash shortfall from Defendant's final paycheck.

38. This was the same policy and practice (cover cash shortages) applied nationwide to the Store Managers.

39. The policy and practice was not merely theoretical: in fact, Plaintiff was terminated on or about January 2, 2020, for the explicit reason that he had failed to pay the $600 shortfall.

40. Plaintiff's pay was also reduced for this same reason: failure to reimburse Defendant the $600 shortfall.

41. Upon information and belief this common policy and practice was also not merely theoretical for the Store Managers elsewhere in PA and the United States: the policy and practice has in fact been communicated to the Store Managers elsewhere in PA and the United States and applied to other Store Managers in specific instances where there have been cash shortages.

42. The Store Managers elsewhere in PA and the United States, like Plaintiff, are W-2 employees.

43. The Store Managers elsewhere in PA, like Plaintiff, have been employees within the meaning of the PMWA.

44. The Store Managers elsewhere in the United States, like Plaintiff, have been employees within the meaning of the FLSA.

45. The Store Managers elsewhere in PA and the United States, like Plaintiff, have been paid what Defendant has characterized as a "salary."

46. The Store Managers elsewhere in PA and the United States, like Plaintiff, have not been paid a "salary" within the meaning of the FLSA or PMWA.

47. Plaintiff and the Store Managers elsewhere in PA and the United States have not been paid a "salary" within the meaning of the FLSA or PMWA because, as explained above, they have not received and do not receive a guaranteed salary that is not subject to reduction because of quantity or quality of work. 29 C.F.R. §§ 541.100, 541.602, 541.603.

48. Because Plaintiff and the Store Managers elsewhere in the United States have been subjected to the common policy and practice of requiring reimbursement of inventory shortages and cash shortages neither Plaintiff nor the Store Managers elsewhere in the United States have received a guaranteed salary. 29 C.F.R. §§ 541.100, 541.602, 541.603.

49. Because Plaintiff and the Store Managers elsewhere in the United States have not been paid a guaranteed salary within the meaning of the FLSA or PMWA they are not exempt.

50. Because neither Plaintiff nor the Store Managers elsewhere in the United States are not exempt they are entitled to overtime pay under the FLSA and, for PA Store Managers, the PMWA.

51. The Store Managers elsewhere in PA and the United States, like Plaintiff, have regularly worked 60 or more hours in workweeks since June 2017.

52. The Store Managers elsewhere in PA and the United States, like Plaintiff, have received no overtime pay since June 2017.

53. Plaintiff and the Store Managers elsewhere in PA and the United States are "similarly situated" in all material respects for purposes of this collective/class action.

54. Defendant has knowingly and intentionally violated the FLSA's mandate for overtime pay since at least June 2017.  29 U.S.C. § 207.

55. Defendant's violation of the FLSA and PMWA has been knowing, willful and in reckless disregard when it failed to pay Plaintiff and the other similarly situated Store Managers elsewhere in PA and the United States the proper overtime rate for overtime hours.

56. Defendant has also violated the FLSA's prohibition against retaliation.  29 U.S.C. § 215(a).

57. Specifically, with respect to Plaintiff, Defendant terminated Plaintiff because Plaintiff refused to agree to reduce his "salary" by covering the cash shortage.

58. Plaintiff had a right under the FLSA to receive his "salary" without reduction due to quality or quantity of work and without threat of reprisal if he did not agree to such a reduction.

59. Defendant terminated Plaintiff for his refusal to reduce his "salary."

60. Plaintiff's refusal to reduce his salary by paying the cash shortage was a protected activity within the meaning of the FLSA.

61. Defendant terminated Plaintiff in retaliation for his having engaged in a protected activity under the FLSA.

62. Defendant's termination of Plaintiff was a violation of the anti-retaliation provisions of the FLSA. 29 U.S.C. § 215(a).

63. Defendant applied the same threat of reprisal to the similarly situated Store Managers elsewhere in the United States to either agree to reduce their salaries to cover inventory and cash shortages at their stores or face discipline up to and including termination.

64. The salary was a condition of employment.

65. Upon information and belief Defendant's threat of reprisal was not merely theoretical: in fact other similarly situated Store Managers have either had to cover the inventory or cash shortages with their own monies or suffer discipline up to and including termination.

66. Defendant's policy and practice of threatening reprisal, and actually imposing reprisals, against similarly situated Store Managers elsewhere in the United States for failure to cover inventory and cash shortages was and is a violation of the anti-retaliation provisions of the FLSA. 29 U.S.C. § 215(a).

## COUNT I: VIOLATION OF THE FLSA
### Individual and Collective Action (National)(Overtime)

67. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

68. Plaintiff and all other similarly situated Store Managers are employees of Defendant within the meaning of the FLSA.

69. Defendant is an employer within the meaning of the FLSA.

70. Plaintiff and all other similarly situated Store Managers have been paid what Defendant has characterized as a "salary."

71. In fact and law, however, Plaintiff and all other similarly situated Store Managers have not been paid a salary within the meaning of the FLSA.

72. Plaintiff and all other similarly situated Store Managers have been non-exempt within the meaning of the FLSA.

73. Plaintiff and all other similarly situated Store Managers have regularly worked more than forty hours per week.

74. Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Store Managers for work of more than forty hours in workweeks.

75. Defendant's failure to pay overtime compensation to the Store Managers has violated and continues to violate the FLSA.

76. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

77. Plaintiff and all other similarly situated Store Managers are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

78. Plaintiff and all other similarly situated Store Managers are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

### COUNT II:  VIOLATION OF THE PMWA
### Individual and Class Action (Pennsylvania) (Overtime)

79. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

80. Plaintiff and all other similarly situated Store Managers in PA are employees of Defendant within the meaning of the PMWA.

81. Defendant is an employer within the meaning of the PMWA.

82. Plaintiff and all other similarly situated Store Managers in PA have been paid what Defendant has characterized as a "salary."

83. In fact and law, however, Plaintiff and all other similarly situated Store Managers in PA have not been paid a salary within the meaning of the PMWA.

84. Plaintiff and all other similarly situated Store Managers in PA have been non-exempt within the meaning of the PMWA.

85. Plaintiff and all other similarly situated Store Managers in PA have regularly worked more than forty hours per week.

86. Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Store Managers in PA for work of more than forty hours in workweeks.

87. Defendant's failure to pay overtime compensation to Plaintiff and the similarly situated Store Managers in PA has violated and continues to violate the PMWA.

88. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the PMWA's overtime requirements.

89. Plaintiff and all other similarly situated Store Managers in PA are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

### COUNT III:  FLSA RETALIATION
### Individual and Collective Action (Nationwide)

90. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

91. Plaintiff and all other similarly situated Store Managers are employees of Defendant within the meaning of the FLSA.

92. Defendant is an employer within the meaning of the FLSA.

93. Defendant has violated the FLSA's prohibition against retaliation.

94. Defendant applied the a threat of reprisal to Plaintiff and the similarly situated Store

Managers elsewhere in the United States to either agree to reduce their salaries to cover inventory and cash shortages at their stores or face discipline up to and including termination.

95. Upon information and belief Defendant's threat of reprisal was not merely theoretical: in fact other similarly situated Store Managers have either had to cover the inventory or cash shortages with their own monies or face discipline up to and including termination.

96. Defendant's policy and practice of threatening reprisal, and actually imposing reprisals, against similarly situated Store Managers elsewhere in the United States for failure to cover inventory and cash shortages was and is a violation of the anti-retaliation provisions of the FLSA.  29 U.S.C. § 215(a).

97. Plaintiff and all other similarly situated Store Managers are entitled to recover from Defendant cash shortages improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

98. Plaintiff and all other similarly situated Store Managers are also entitled to recover liquidated damages as well as compensatory damages, including emotional distress and lost opportunities, under 29 U.S.C. §§ 125(a).

## COUNT IV:  BREACH OF CONTRACT
### Individual and Class Action (Pennsylvania)

99. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

100. When Defendant hired Plaintiff and the other similarly situated Store Managers in PA Defendant made definite, clear promises to pay a specific amount (what was characterized as a "salary") for work performed for Defendant for a certain period of time.

101. Those promises created enforceable contractual obligations.

102. Plaintiff and the other similarly situated Store Managers in PA provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendant.

103. Despite its contractual obligation to compensate Plaintiff and the other Store Managers in PA for work performed at a fixed amount (what Defendant characterized as a "salary"), Defendant breached those contractual obligations when it withheld and/or required the payment to Defendant of Plaintiff's and the other PA Store Managers' pay in order to reimburse Defendant for losses (inventory and cash).

104. The amounts taken from Plaintiff and the other similarly situated Store Managers in PA represent wages.

105. Defendant did not have any good-faith basis on which to take these wages.

106. As a result of Defendant's breaches, Plaintiff and the other similarly situated Store Managers in PA have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

107. Plaintiff and the other similarly situated Store Managers in PA are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

### COUNT V:  VIOLATION OF THE WPCL
### Individual and Class Action (Pennsylvania)

108. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

109. Defendant's contractual obligation to pay Plaintiff and the other similarly situated Store Managers in PA for work performed each week at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

110. The compensation Defendant failed to pay to, or took from, Plaintiff and the other similarly situated Store Managers in PA constitute wages within the meaning of the WPCL.

111. Defendant violated the WPCL by failing to pay the promised wages to Plaintiff and the other similarly situated Store Managers in PA.

112. Defendant did not have any good-faith basis for withholding or taking the promised wages.

113. Plaintiff and the other PA Store Managers are entitled to unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

114. WHEREFORE, Plaintiff and all other similarly situated Store Managers in PA and elsewhere in the United States respectfully request that this Court:
    A. Order Defendant to pay the unpaid overtime compensation owed under the FLSA to Plaintiff and all other similarly situated Store Managers (nationally);
    B. Order Defendant to pay liquidated damages owed under the FLSA to Plaintiff and all other similarly situated Store Managers (nationally);
    C. Order Defendant to pay compensatory damages equal to the unpaid overtime compensation owed to Plaintiff and all other similarly situated Store Managers (nationally);
    D. Order Defendant to pay the unpaid overtime compensation owed under the PMWA to Plaintiff and all other similarly situated Store Managers in PA;
    E. Order Defendant to pay the wages withheld from Plaintiff and all other similarly situated Store Managers ( nationally ) in breach of the contractual obligation to pay them their promised wages;

F. Order Defendant to pay Plaintiff and all other similarly situated store managers in PA the wages and penalties due under the WPCL;

G. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated Store Managers (nationally and in PA); and

H. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

  s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763
Fax: (412) 774-1994

John R. Linkosky, Esq.
PA ID No. 66011
JOHN LINKOSKY & ASSOCIATES
715 Washington Avenue
Carnegie, PA  15106
linklaw@comcast.net
Tel.:  (412) 278-1280
Fax:  (412) 278-1282

*Counsel for Plaintiff
and all others similarly situated*

Dated: June 12, 2020